# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:16-cr-00265-GMN-CWH-2 |
| vs. ) | |
| ) | **AMENDED ORDER**[1] |
| ALBERT LOPEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Albert Lopez's ("Defendant") Motion to Modify Conditions of Release, (ECF No. 1567). The Government filed a Response, (ECF No. 1584), and Defendant did not file a reply.

The Bail Reform Act guides courts in fashioning acceptable conditions of pretrial release. *See* 18 U.S.C. § 3142. Section 3142 requires judicial officers to impose the least restrictive release conditions that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B); *see also United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The factors to be considered in determining whether there are appropriate conditions of release that further these aims include: (1) the nature and seriousness of the offense charged, (2) the weight of the evidence, (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drugs and alcohol abuse, and criminal history, and (4) the nature and seriousness of the danger to another person or the community posed by defendant's release. 18 U.S.C. § 3142(g). Pursuant to Section 3142(c)(3), the Court "may at any time amend the order to impose additional or different conditions of release." The party requesting

---

[1] The instant Order amends the Court's May 14, 2019 Order, (ECF No. 1596).

modification must "establish that new information exists that was not known to him or her at the time of the initial detention hearing, and that this new information is material to his or her release conditions regarding flight or dangerousness." *United States v. Wei Seng Phua*, No. 2:14-cr-00249-APG, 2015 WL 127715, at *1 (D. Nev. Jan. 8, 2015); *see* 18 U.S.C. § 3142(f).

Here, Defendant seeks to modify his pretrial release conditions which currently impose a daily curfew of 9:00 p.m. to 4:00 a.m. "or as directed by [Pretrial Services]." (Property Bond, ECF No. 798); (*see* Mot. to Modify 1:15–24, ECF No. 1567); (*see also* Mins. of Proceedings, Condition No. 12, ECF No. 795). Defendant explains that his work schedule "often changes from day-to-day," and his shifts are often from 12:00 a.m. to 8:00 a.m. (Mot. to Modify 2:3–5). As such, Defendant's curfew creates difficulty for Pretrial Services. (*Id.* 2:5–8). Defendant requests that his curfew be eliminated, but that the pretrial release condition requiring his 24-hour GPS monitoring remain in place. (*See id.* 1:15–19). Defendant further submits that he has been on pretrial release since August 2018 without incident. (*Id.* 1:19–21). Pretrial Services does not oppose Defendant's Motion. (*See id.* 2:8–13).

In its Response, the Government contends that "removing the curfew altogether eliminates all structural support for GPS monitoring. If [Defendant] is not required to be at a certain place during a certain time, it begs the question as to the effectiveness of monitoring his location." (Resp. 4:4–6, ECF No. 1584). Alternatively, the Government "has no objection to modifying the curfew condition to permit [Defendant] to work as scheduled without pre-approval by pretrial services." (*Id.* 4:7–9).

The Court does not agree with the Government's representation that removing Defendant's curfew would eliminate all structural support for GPS monitoring. Indeed, GPS monitoring ensures that, *inter alia*, Defendant is in compliance with his current travel restrictions. Moreover, it is unclear how the Government's alternative modification would resolve the conflict between Defendant's ever-changing work schedule and his current curfew.

In light of the foregoing, and Pretrial Services' non-opposition to the removal of Defendant's curfew, the Court **GRANTS** Defendant's Motion to Modify Conditions of Release. The following are Defendant's current terms of pretrial release as modified by this Order:

1. The defendant shall report to U.S. Pretrial Services for supervision.
2. The defendant shall surrender any passport and/or passport card to U.S. Pretrial Services or the supervising officer.
3. The defendant shall not obtain a passport or passport card.
4. Travel is restricted to the state of California and Clark County, Nevada for the purpose of court purposes and attorney meetings. Pretrial services will have approval to permit the defendant's travel outside of these locations with prior notice from the defendant.
5. The defendant shall avoid all contact directly or indirectly with any person who is or may become a victim or potential witness in the investigation or prosecution of the current case.
6. The defendant shall avoid all contact directly or indirectly with co-defendants unless it is in the presence of counsel.
7. The defendant shall refrain from possessing a firearm, destructive device, or any other dangerous weapons.
8. The defendant shall avoid all contact directly or indirectly with the Vagos Motorcycle Club members, associates, hang arounds, or prospects. The defendant shall remove himself from any location where any other co-defendants may be present.
9. The defendant is ordered to wear GPS monitoring. The defendant shall participate in the Stand Alone location monitoring program component. The defendant shall be responsible to pay the expense of GPS monitoring subject to his ability to pay.[2]
10. The defendant shall not tamper with, damage, or remove the monitoring device and charge the equipment according to the instructions provided by U.S. Pretrial Services or the supervising officer.
11. The defendant shall maintain full-time employment.

---

[2] This condition has been amended to identify Stand Alone as the applicable location monitoring program component.

I.     **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Modify Conditions of Release, (ECF No. 1567), is **GRANTED**.

**DATED** this __5__ day of June, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court